IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT LYN BAKER,                    )
                                     )
        Plaintiff,                   )
v.                                   )        NO: 3:05-0262
                                     )        JUDGE HAYNES
METROPOLITAN LIFE INSURANCE          )
COMPANY,                             )
                                     )
        Defendant.                   )

## M E M O R A N D U M

In earlier proceedings, the Court granted judgment to the Plaintiff that included an award of

attorney's fees and costs. Plaintiff, Robert Lyn Baker, has filed a motion for attorney fees, expenses

and prejudgment interest (Docket Entry No. 37) to which the Defendant Metropolitan Life Insurance

Company ("MefLife") has filed a response (Docket Entry No. 42). Plaintiff also filed a reply

(Docket Entry No. 47).

In his motion that is supported by affidavits and other documents (Docket Entry No. 47),

Baker seeks $54,612.75 in attorney's fees, $5,833.85 in costs (Docket Entry No. 39) and $41,826

in prejudgment interest. Plaintiff contends that this action is an exceptional case warranting an

enhancement of the fee award. Plaintiff cites the Defendant's arbitrary and capricious decisions and

its reliance upon Kenneth Anchor, Ph.D. ("Dr. Anchor"), a psychologist who lacked the necessary

credential in neuropsychology, did not perform some of the tests listed in his report to the Defendant,

and has a history of ethical violations. On April 24, 2004, after Dr. Anchor released his report,

MetLife terminated Baker's benefits, relying on Dr. Anchor's report. Plaintiff also cites MetLife's

aggressive and adversarial tactics that required Baker to employ several legal counsel and a

neuropsychologist, Dr. Pamela Auble, Ph.D., who discovered Dr. Anchor's lack of credentials, his

history of unethical conduct, his use of conflicting and inconsistent reports, outdated tests, deficient examinations and unsubstantiated and incorrect findings. Since the administrative appeal, Baker's attorneys expended 175.20 hours up through February 13, 2007.

The Defendant responds, in essence that this action is not an exceptional case to justify any enhancement and Plaintiff cannot recover fees and expenses for any pre-litigation work. The Defendant contends that Plaintiff is limited to $29,907.75 in attorney's fees, $ 5,178.48 in expenses (Docket Entry No. 42 p. 3) and $23,467.92 in prejudgment interest (Docket Entry No. 42 p. 5). The Defendant also argues that the prejudgment interest should be six percent (6%) rather than the 10% sought by Plaintiff. The Defendant contends that 10% is a penalty.

For an exceptional case, an attorney's fees award under ERISA can be enhanced. Calvert v. Liberty Life Assurance Company of Boston, 2005WL1994874 at *3, 9 (W.D. Ky 2005). (setting forth the criteria to determine whether enhancement of a normal fee award is appropriate). In Calvert, the relevant factors are for an enhanced fee: (1) the "time" and "labor" required for the case; (2) whether the action involves "novel" issues or presents "difficult" questions and law or fact; (3) whether the attorney's fees are below market fees for an ERISA case; and (4) whether counsel obtained a favorable result.

Here, the Administrative Record consisted of more than 900 pages. Plaintiff employed four attorneys and two paralegals to review Plaintiff's extensive medical records and to respond to MetLife's various and changing reasons for denying benefits. In this Court's experience, the time expended in this action is unusual for an ERISA action. Second, Baker's chronic pain disorder that disabled him from his prior work as an attorney presented an uncommon disability claim under ERISA. MetLife's expert, Dr. Anchor tainted one of MetLife's decisions when MetLife denied

2

Plaintiff's benefits based upon Dr. Anchor's assessment. Dr. Anchor's involvement unnecessarily extended the processing of Plaintiff's claim. Third, the undisputed proof before the Court is that the prevailing rates for ERISA work in the Nashville legal community is $275 per hour for this legal work. See affidavit of Mr. Wood. Fourth, the degree of success obtained is exceptional given that the Final Order awards Baker monthly benefits of $8,171.00 and a total back benefits award of $268,561.46. Coupled with the potential future benefits of $259,293.07, the total award for back and future LTD benefits is $569,618.53.

Based upon the complexity of this action and the length of the proceedings, the Court finds that Plaintiff's counsel hourly rate should be adjusted to $275.00 hourly rate for the fee award. Plaintiff's counsel should also be awarded for time expended since February 21, 2005 for his work on the complaint that was filed in this action. For his motion for attorney's fees, Baker's attorneys expended an additional 26 hours at an hourly rate of $220.00 per hour for a total of $5,760.25.

In sum, the Court concludes that Plaintiff's counsel should be awarded of $54,612.75 in attorney fees, plus $5,760.25 for fees after the Court's Order for a total of $60,373.00. The Court awards Baker his expenses of $2,935.35 and a separate award of $3,000 to employ Dr. Auble, for a total expense award of $5,935.35.

As to prejudgment interest, Baker seeks the 10% per annum statutory rate under state law as permitted by ERISA, unless it is excessive. MetLife contends that 10% prejudgment interest rate is excessive because recent interest rates have been well below 10%. In his affidavit, Baker responds that 6% would not give him the "full value of his benefits under the plan," because he would have earned more than 12% annually with his investment of his monthly income with Hays Advisory, LLC. (Docket Entry No. 44 at pp. 2-3).

3

This Court awarded prejudgment interest to give Baker the full value of his benefits. Baker's proof establishes that an award of a 10% annual is not excessive. The Court awards $41,826 annually from the year of filing through the date of the accompanying Order.

For these reasons, Plaintiff's motion for attorney fees and costs (Docket Entry No. 37) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___22nd___ day of May, 2007.

WILLIAM J. HAYNES, JR.
United States District Judge

4